IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RAUL RANGEL-ALVAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 321-010 |
| | ) |
| TIM WARD, Commissioner; DIRECTOR SHEPPARD; JERMAINE WHITE, Warden; DEPUTY WARDEN WICKER; DEPUTY WARDEN KEITH; and DEPUTY WARDEN BEASLEY, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, formerly incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, was one of nine prisoners who attempted to join in bringing one lawsuit against Defendants. See Coleman et al. v. Ward, CV 320-079, doc. no. 22 (S.D. Ga. Feb. 1, 2021). United States District Judge Dudley H. Bowen, Jr., dismissed that improperly filed lawsuit without prejudice and directed the Clerk of Court to file nine separate lawsuits. On February 4, 2021, the Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP") and instructed Plaintiff he must return the requisite Prisoner Trust Fund Account Statement and Consent to Collection of Fees form within thirty days. (See doc. no. 5.) Plaintiff was cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See id. at 7.) The time to respond has passed, and Plaintiff has not submitted the documents

required by the Court's February 4th Order.  In fact, the Court's Order was returned to the Clerk of Court as refused because Plaintiff has been discharged from TSP.  (See doc. no. 7.)

I.     DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to collection of the entire $350.00 filing fee in installments.  Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915).  Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have

his case voluntarily dismissed.  Moreover, Plaintiff's failure to keep the Court apprised of a valid address saddles the Court with a stagnant case in which no communication with Plaintiff seems possible. These actions by Plaintiff amount not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, and the Court finds that the imposition of monetary sanctions is not a feasible sanction.  Therefore, Plaintiff's case should be dismissed.

**II.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of March, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA